IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JOSEPH DEGROOT, individually on behalf
of all others similarly situated,

        Plaintiff,

        vs.        Case No. 1:19-cv-00951

CLIENT SERVICES, INC., a Missouri
Corporation,

        Defendant.

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

This action is brought by Plaintiff, JOSEPH DEGROOT ("DEGROOT"), individually and on behalf of all others similarly situated, against Defendant, CLIENT SERVICES, INC. ("CLIENT SERVICES"), based on the following:

## I. PRELIMINARY STATEMENT

1. DEGROOT brings this action individually and on behalf of all others similarly situated for the illegal practices of Defendant when attempting to collect an alleged debt from her in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The

FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

7. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

8. The FDCPA is a strict-liability statute, which provides for actual or statutory damages upon the showing of one violation, regardless of any actual damages. *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 876 (7th Cir. 2015).

9. A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

10. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

11. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less.

12. DEGROOT seeks, both individually and on behalf of all others similarly situated, such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees, and costs.

## II. PARTIES

13. DEGROOT is a natural person.

14. At all times relevant to this lawsuit, DEGROOT was a citizen of, and resided in, the City of Menasha, Winnebago County, Wisconsin.

15. CLIENT SERVICES is a for-profit corporation formed under the laws of the State of Missouri.

16. DEGROOT is informed and believe, and on that basis alleges, that CLIENT SERVICES maintains its principal business address at 3451 Harry S. Truman Boulevard, St. Charles, Missouri 63301.

17. On information and belief, CLIENT SERVICES' registered agent for service in Wisconsin is Corporation Service Company, 8040 Excelsior Dr., Suite 400, Madison, WI 53717.

### III. JURISDICTION & VENUE

18. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

19. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to DEGROOT's claims occurred within this federal judicial district, and because CLIENT SERVICES is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS

20. CLIENT SERVICES regularly engages in the collection of defaulted consumer debts.

21. CLIENT SERVICES regularly engages in the collection of defaulted consumer debts owed to others.

22. CLIENT SERVICES is a business the principal purpose of which is the collection of defaulted consumer debts.

23. In attempting to collect debts, CLIENT SERVICES uses the mail, telephone, internet, and other instruments of interstate commerce.

24. On or about August 6, 2018, AllianceOne Receivables Management, Inc. ("AllianceOne"), mailed or caused to be mailed a letter (the "08/06/2018 Letter") to DEGROOT.

25. A true and correct copy of 08/06/2018 Letter is attached as *Exhibit A*, except that the undersigned counsel has partially redacted it.

26. The 08/06/2018 Letter alleged DEGROOT had incurred and defaulted on a financial obligation (the "Debt") owed to Capital One Bank (USA), N.A. ("Capital One") with an account number ending in 9018.

27. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

28. The 08/06/2018 Letter was AllianceOne's first written communication with DEGROOT attempting to collect the Debt.

29. On information and belief, sometime prior to August 6, 2018, Capital One either directly or through intermediate transactions assigned, placed, or transferred the Debt to AllianceOne for collection.

30. Above the salutation, the 08/06/2018 Letter stated, in relevant part:

> "Charge-Off Amount: $425.86
> Payments Made Since Charge-Off: $0.00
> Balance: $425.86"

31. Below the salutation, the 08/06/2018 Letter stated, in relevant part:

> "Our client, CAPITAL ONE BANK (USA), N.A., referred your account to us for collections. PLEASE READ CAREFULLY ALL OF THE IMPORTANT DISCLOSURES PROVIDED BELOW. The amount of your debt is $425.86. Please keep in mind, interest and fees are no longer being added to your account. That means every dollar you pay goes towards paying off your balance.

32. On information and belief, sometime between August 6, 2018 and March 11, 2019, Capital One either directly or through intermediate transactions assigned, placed, or transferred the Debt to CLIENT SERVICES for collection.

33. CLIENT SERVICES mailed or caused to be mailed a letter dated March 11, 2019 (the "03/11/2019 Letter") to DEGROOT.

34. A true and correct copy of the 03/11/2019 Letter is attached as *Exhibit B*, except that the undersigned counsel has partially redacted it.

35. The 03/11/2019 Letter was CLIENT SERVICES' first written communication with DEGROOT attempting to collect the Debt.

36. The 08/06/2018 Letter and 03/11/2019 Letters each identified the "Current Creditor" as Capital One Bank (USA), N.A., with an "Account Number" or "Creditor Reference Number" of XXXXXXXXXXXX9018.

37. The 03/11/2019 Letter was an attempt to collect the Debt identified in the 08/06/2018 Letter.

38. The first page of the 03/11/2019 Letter stated, in relevant part: "Our client, CAPITAL ONE BANK (USA), N.A., has placed the above account with our organization for collections.

| | |
|---|---|
| Balance Due At Charge-Off: | $425.86 |
| Interest: | $0.00 |
| Other Charges: | $0.00 |
| Payments Made: | $0.00 |
| **Current Balance:** | **$0.00**" |

39. The third page of the 03/11/2019 Letter stated, in relevant part: "Your Account Balance: $425.86."

40. The third page of the 03/11/2019 Letter went on to state, in relevant part: "Please note that no interest will be added to your account balance through the course of Client Services, Inc. collection efforts concerning your account."

41. On or before March 11, 2018, Capital One had charged-off DEGROOT's acount.

42. On or before March 11, 2018, Capital One had ceased adding interest, late charges, or other charges to DEGROOT's account.

43. On information and belief, Capital One does not intend to add, and as a matter of practice does not add, interest or other charges to the balance of its charged-off accounts.

44. Once the Debt was charged-off, its balance remained static and unchanging.

45. Once the Debt was charged-off, Capital One did not add interest or other charges to the account.

46. The 03/11/2019 Letter falsely implied to the unsophisticated consumer that interest and other charges may begin accruing when and if CLIENT SERVICES returns the account to Capital One.

47. Such false implication arises from the totality of the 03/11/2019 Letter including, but not limited to: (A) itemizing the amount of interest and other charges; (B) describing the amount owed as the "*Current* Balance" (emphasis added); and, (C) stating that "no interest will be added to" the "account balance through the course of Client Service, Inc. collection efforts."

48. The 03/11/2019 Letter is materially false, deceptive, and misleading to an unsophisticated consumer "[b]ecause these consumers must often make difficult decisions about how to use scarce financial resources, it is plausible that the fear of 'late charges and other charges' might influence these consumers' choices." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 368 (7th Cir. 2018).

49. A rational person with limited financial resources would, based on the 03/11/2019 Letter, choose to pay the Debt over an otherwise identical debt which accurately implied the balance remained static, and would continue to remain so if and when CLIENT SERVICES returns the account to Capital One.

50. CLIENT SERVICES' use of a form letter like the 03/11/2019 Letter—which falsely implies the Debt could increase upon return of the account to Capital One—competitively disadvantages debt collectors who collect static debts without obscuring the fact those debts' balances are and will remain static.

51. The 03/11/2019 Letter does not clearly and unambiguously state the amount of the Debt.

52. The 03/11/2019 Letter deprived DEGROOT of truthful, non-misleading, information in connection with CLIENT SERVICES' attempt to collect a debt.

53. On information and belief, the 03/11/2019 Letter was created by merging information specific to a debt and consumer with a template to create what is commonly called a "form letter."

54. Consequently, on information and belief, CLIENT SERVICES caused the same form collection letter to be mailed to others who, like DEGROOT, reside in Wisconsin.

## V. CLASS ALLEGATIONS

55. Defendant's conduct toward Plaintiff is consistent with its policies and practices when attempting to collect debts from consumers generally. Consequently, this action is brought by Plaintiff individually and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

56. Plaintiff seeks to certify a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

57. *Class Definition.* The Class consists of: All natural persons to whom Defendant mailed a written communication in the form of *Exhibit B* to an address in the State of Wisconsin which begins on July 1, 2018 and ends on July 22, 2019.

58. The identities of the Class members are readily ascertainable from the business records of Defendant and those entities on whose behalf Defendant attempted to collect debts.

59. *Class Claims.* The Class claims include all claims each Class member may have for a violation of the FDCPA arising from Defendant having mailed a written communication in the form of *Exhibit B* to such Class member.

60. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

61. *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

62. *Common Questions Predominate.* Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by Defendant with respect to each Class member.

63. *Typicality.* Plaintiff's claims are typical of Class because those claims arise from a common course of conduct engaged in by Defendant.

64. *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class members because she has no interests that are adverse to the interests of the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither DEGROOT nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

Page **9** of **12**
Case 1:19-cv-00951-WCG   Filed 07/01/19   Page 9 of 12   Document 1

65. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

66. Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of class size and net worth), Plaintiff may, in addition to moving for class certification using modified Class definitions, Class claims, or Class periods, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VI. CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

67. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

68. CLIENT SERVICES is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

69. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

70. DEGROOT is a "consumer" as defined by 15 U.S.C. § 1692a(3).

71. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

72. *Exhibit B* is a "communication" as defined by 15 U.S.C. § 1692a(2).

73. The use and mailing of *Exhibit B* by CLIENT SERVICES in an attempt to collect the Debt violated the FDCPA. Such violation includes, but is not limited to:

    (a) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

    (b) Using a false representation of the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

(c) Using a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10); and

(d) Failing to disclose the amount of the Debt in a clear and unambiguous fashion in violation of 15 U.S.C. § 1692g(a)(1).

## VII. PRAYER FOR RELIEF

74. WHEREFORE, Plaintiff, DEGROOT, individually and on behalf of all others similarly situated, demands judgment Defendant, CLIENT SERVICES, as follows:

(a) An Order certifying this action as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

(b) An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

(c) An award to Plaintiff for services on behalf of the Class as determined in the discretion of the Court;

(d) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(e) An award of actual damages to Plaintiff and the Class to the extent to which the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiff and/or the Class; and

(f) For such other and firther relied as may be just and proper.

## VIII. JURY DEMAND

75. Trial by jury is demanded on all issues so triable.

Dated: July 1, 2019

*s/Francis R. Greene*
*Francis R. Greene*
Francis R. Greene (WI Bar # 1115577)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
*Attorneys for Plaintiff, Joseph Degroot*
STERN•THOMASSON LLP
3010 South Appleton Road
Menasha, Wisconsin 54952
Telephone (973) 379-7500
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Francis@SternThomasson.com